IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 97-10057

Summary Calendar

———————————

TERRY LEE DELP,

Plaintiff-Appellant,

versus

JAIME QUINTANILLA,

Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Northern District of Texas
(1:96-CV-220)

———————————

June 5, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Terry Lee Delp (#613302) contends that the magistrate judge erred in dismissing his civil rights complaint under the rule in Heck v. Humphrey, 512 U.S. 477 (1994). Delp cites Armento-Bey v. Harper, 68 F.3d 215, 216 (8th Cir. 1995), for the proposition that his claim is viable under Wolff v. McDonnell, 418 U.S. 539, 554 (1974). This argument is without merit. Under Wolff, "states may, under certain circumstances, create liberty interests which are protected by the Due Process Clause." Madison v. Parker, 104 F.3d

———————————

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

765, 767 (5th Cir. 1997). "However, . . . these interests are generally limited to state-created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." Id. Under Sandin v. Conner, 115 S. Ct. 2293, 2297 (1995), changes in a prisoner's classification do not implicate a prisoner's due process rights. The punishment meted out to Delp did not affect the duration of his confinement. Under Sandin, Delp's claim is not cognizable under § 1983. Therefore, we AFFIRM the judgment of the district court.

AFFIRMED.